IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**UNITED STATES OF AMERICA**

v.

**JOHNNY R. KEYES,**

Defendant.

No. 3:10-cr-00316-MO-1

OPINION AND ORDER

**MOSMAN, J.,**

This matter comes before me on Defendant Johnny R. Keyes's Motion to Reduce Sentence [ECF 42]. Specifically, Mr. Keyes moves the court for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). Mot. to Reduce Sentence [ECF 42] at 1. For the following reasons, I DENY the motion.

## DISCUSSION

Compassionate release is a statutory exception to the rule that a court may not modify a term of imprisonment once it has been imposed. 18 U.S.C. § 3582(c). Upon a proper motion, the court may reduce a term of imprisonment if, after considering applicable factors set forth in § 3553(a), the court finds that "extraordinary and compelling reasons warrant such a reduction" and the reduction is "consistent with applicable policy statements issued by the Sentencing

1 – OPINION AND ORDER

Commission." 18 U.S.C. § 3582(c)(1)(A).[1] A defendant must exhaust administrative remedies before moving the court for compassionate release. *Id.* The Government concedes that Mr. Keyes has exhausted his administrative remedies. Gov't Resp. [ECF 50] at 2.

Mr. Keyes argues that he is an appropriate candidate for compassionate release because he "suffers from a series of medical conditions that place him at an increased risk of serious illness or death from COVID-19." Mot. to Reduce Sentence [ECF 42] at 1. The Government argues that his conditions do not constitute an extraordinary and compelling reason that warrants compassionate release. Gov't Resp. [ECF 50] at 2. The Government reasons that the Pfizer-BioNTech vaccine, which Mr. Keyes has received,[2] is highly effective at preventing serious illness and death from COVID-19. *Id.* at 3–4.

I agree with the Government's position. Although Mr. Keyes suffers from serious medical conditions, the vaccine that he received has so far proven to be highly effective at preventing severe illness and death. *See When You've Been Fully Vaccinated*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/vaccines/fully-vaccinated.html (last updated May 16, 2021) ("COVID-19 vaccines are effective at preventing COVID-19 disease, especially severe illness and death."). Additionally, Mr. Keyes is incarcerated at FCI Victorville, which is currently reporting zero active COVID-19 cases among inmates. *COVID-19 Update*, Fed. Bureau of Prisons, https://www.bop.gov/coronavirus/ (last updated June 15, 2021) (click "Full breakdown and additional details . . ." under "COVID-19 Cases"). Accordingly, I find that relief under 18 U.S.C. § 3582(c)(1)(A)(i) is inappropriate.

---

[1] At this time, however, "the Sentencing Commission has not yet issued a policy statement 'applicable' to § 3582(c)(1)(A) motions filed by a defendant." *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021) (per curiam).

[2] *See* Exhibits [ECF 48] Ex. A-2, at 23.

2 – OPINION AND ORDER

## CONCLUSION

For the foregoing reasons, I DENY Mr. Keyes's Motion to Reduce Sentence [ECF 42].

IT IS SO ORDERED.

DATED this 17th day of June, 2021.

MICHAEL W. MOSMAN
United States District Judge

3 – OPINION AND ORDER